# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN HAYNES, | Civil Action No. 2: 19-cv-1407 |
| Petitioner, | Chief United States Magistrate Judge Cynthia Reed Eddy |
| v. | |
| MICHAEL CLARK, Superintendent Albion Correctional Institute; JOHN SHAPIRO,[1] the Attorney General of the State of Pennsylvania, and the DISTRICT ATTORNEY OF MERCER COUNTY, | |
| Respondents. | |

## MEMORANDUM OPINION[2]

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed *pro se* by state prisoner Nathan Haynes ("Petitioner" or "Haynes"), in which he is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Mercer County, Pennsylvania on June 23, 2015. Respondents filed a Response in which they argue that the instant Petition is barred by the AEDPA statute of limitations, 28 U.S.C. §2254(d), or, in the alternative, that Haynes' claim is without merit. (ECF No. 7). By Order entered on December 26, 2019, the Court ordered Petitioner to respond to Respondents' argument that the instant federal habeas petition was untimely. (ECF No. 9). Thereafter, Attorney John J. Bongivengo entered his appearance for Petitioner (ECF No. 14) and contemporaneously filed a Reply. (ECF No. 13).

---

[1] The Attorney General for the Commonwealth of Pennsylvania is Josh Shapiro. Petitioner erroneously listed "John Shapiro" as the Attorney General.

[2] In accordance with the provisions of 28 U.S.C. §636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment by a United States Magistrate Judge. *See* ECF Nos. 10 and 11.

1

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed and a certificate of appealability will be denied.

I.     **Procedural History**[3]

On April 23, 2015, after a three-day jury trial, Haynes was convicted of Criminal Conspiracy and Robbery and several other offenses. On June 23, 2015, he was sentenced to a cumulative sentence of 13 to 35 years of imprisonment. On March 8, 2016, the Superior Court of Pennsylvania affirmed Haynes' judgment of sentence. On August 18, 2016, the Pennsylvania Supreme Court denied his petition for allowance of appeal ("PAA"). His judgment became final on November 16, 2016, ninety (90) days after the time for filing a petition for writ of certiorari with the United States Supreme Court expired. U.S. Sup.Ct. R. 13(1); *see also* 42 Pa.C.S. § 9545(b)(3).

On October 6, 2016, Haynes filed a timely *pro se* petition for post-conviction collateral relief under the Post-Conviction Relief Act ("PCRA"). The PCRA court denied the petition on February 3, 2017, and the Superior Court affirmed the denial of the petition on November 28, 2017. Haynes did not file a PAA with the Pennsylvania Supreme Court.

On July 30, 2018, Haynes, through counsel, filed a second PCRA petition. On March 25, 2019, the second PCRA petition was dismissed as untimely. (ECF No. 7-51). No subsequent appeal was taken.

Approximately seven months later, on October 30, 2019, Haynes, *pro se*, commenced this case by the filing of the instant petition for writ of habeas corpus. (ECF No. 1). The certification signed by Haynes indicates that he placed the petition in the prison mailing system

---

[3]     The factual background of Haynes' criminal case is not relevant to the Court's determination of whether the petition was filed in a timely fashion.

on September 15, 2019. (ECF No. 1 at 15).

Respondents filed a Response in which they argue that, inter alia, the petition is untimely and that Haynes has pled no exceptional circumstances requiring the tolling of the statute of limitations. (ECF No. 7). Petitioner, through counsel, filed a Reply, in which he contends that the petition is timely because "the factual predicate to petitioner's claim to a violation of his Sixth Amendment right to counsel was unknown until January 4, 2019, and could not have been discovered through the exercise of due diligence." Reply at 6. The matter is ripe for disposition.

## II. Discussion

### A. Timeliness

This proceeding is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the federal habeas statute applicable to state prisoners. AEDPA imposes a one-year limitations period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins to run on the date the judgment of sentence becomes final "by the conclusion of direct review or upon the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A); *see Gonzales v. Thaler*, 565 U.S. 134 (2012). This limitations period also may be statutorily or equitably tolled for various circumstances. *Id*. at § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Haynes' claims are subject to dismissal under AEDPA's one year statute of limitations. Haynes' sentence became final, for AEDPA purposes, on November 16, 2016, when the ninety (90) day deadline to file a petition for certiorari with the United States Supreme Court expired. Supreme Court Rule 13.1. Under AEDPA, Haynes needed to file his federal habeas petition within one year of that date. Since Haynes did not file the instant petition until 2019, the petition is facially untimely and must be dismissed unless Haynes can show that the limitations period

should be tolled, either statutorily or equitably.

B.     **Statutory Tolling**

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A properly filed post-conviction petition tolls AEDPA's statute of limitations. *Id*. The parties do not dispute that Haynes' first PCRA petition was timely filed. The Superior Court affirmed the decision of the PCRA court on November 28, 2017. Giving Haynes the benefit of any doubt, the limitations period was tolled until December 28, 2017 (the expiration of the time for seeking petition for allowance of appeal after the Superior Court decision of November 28, 2017). The AEDPA time clock started again the next day, December 29, 2017. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). He, thus, had one year from December 29, 2017, to file a federal habeas petition.

Rather than filing a federal habeas petition, Haynes filed a second PCRA petition on July 30, 2018. The PCRA court found the second PCRA petition to be untimely and specifically found that Haynes had not alleged any exceptions to the time limit under 24 Pa. C.S.A. §9545(b)(1)(i-iii).[4] "A state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 5 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). *See also Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

Because the state court rejected Haynes' second petition as untimely, he is not entitled to statutory tolling under § 2244(d)(2) for any time he spent litigating his second PCRA petition.

---

[4]    This Court "must defer" to the holdings of the state court on whether a PCRA Petition is untimely. *See Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003)

4

Therefore, under AEDPA, Haynes' deadline for filing a federal habeas petition expired on December 28, 2018. The instant petition for writ of habeas corpus was filed on September 15, 2019, well beyond the AEDPA filing deadline.

Haynes argues that "the factual predicate to petitioner's claim to a violation of his Sixth Amendment right to counsel was unknown until January 4, 2019 and could not have been discovered through the exercise of due diligence." Reply at 6. The Court finds that the record evidence belies this argument. The record reflects that Haynes knew on April 20, 2015, that the trial court had said that if he wanted Attorney Johnson to withdraw, he would have to represent himself. Nothing that occurred during the hearing on January 4, 2019, changes the fact that on April 20, 2015, Haynes knew he would not be appointed new counsel, and that the trial court conducted an extensive waiver of counsel colloquy during which Haynes on numerous times expressed his desire to proceed to trial without an attorney. (ECF No. 7-54, at 4-19).

By Order of March 25, 2019, the PCRA court found that the second PCRA Petition was untimely and that Haynes had not raised any exceptions to the one-year time limit under 42 Pa.C.S.A. 9545(b)(1)(i-iii). (ECF No. 7-51). Haynes did not appeal this decision. Because the Court must defer to the holdings of the state court on this issue, the Court finds that Petitioner is not entitled to any statutory tolling.

    C.    **Equitable Tolling**

Although AEDPA's statute of limitations is subject to equitable tolling, the Court of Appeals for the Third Circuit has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Equitable tolling is thus only appropriate when "'the principles of

equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *Id.* at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

As discussed *supra*, Haynes timely filed his original pro se PCRA petition on October 6, 2016. And while the clock was tolled during his PCRA proceedings, the clock resumed on December 29, 2017, thirty (30) days after the time expired for him to appeal. He had one year from that date, or December 28, 2018, to file a federal habeas petition. He did not file the instant federal habeas petition until September 15, 2019.

After careful consideration of the submissions of the parties, the Court finds that Haynes fails to demonstrate extraordinary circumstances to justify equitable tolling and, as a result, there is no basis for the Court to apply equitable tolling to the statute of limitations in this case.[5]

---

5     Because Haynes has failed to demonstrate that some extraordinary circumstance prevented him from timely filing his federal habeas petition, it is not necessary for the Court to examine whether Haynes pursued his rights diligently. *See Holland v. Florida*, 560 U.S. 631,

### D. Merits Analysis

Assuming *arguendo* that Haynes' petition does in fact raise a new issue that was unknown until January 4, 2019, and thus the petition is timely filed, it will be denied as Haynes has failed to state a claim for the denial of a constitutional right.

Without citing any legal authority, Haynes contends that the policy of the Mercer County Public Defender's Office and that of the Courts of Mercer County which require a defendant to either proceed to trial with assigned counsel or proceed to trial *pro se* is a violation of the Sixth Amendment as well as the Pennsylvania Rules of Criminal Procedure.[6] Because this claim has never been presented to a state court, the claim is not exhausted pursuant to 28 U.S.C. § 2254(b). The exhaustion requirement, however, may be excused where the state's procedural rules would bar a petitioner from seeking further relief from state courts. *Lines v. Larkin*, 208 F.3d 153, 159-60 (3d Cir. 2000); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Were Haynes to now raise this claim in a subsequent PCRA petition in state court, it would likely be denied as patently untimely. Accordingly, the Court will proceed to review the claim *de novo*.

A defendant's right to counsel is not without limit. There is ample precedent for the proposition that the need for an orderly and expeditious trial may require that a defendant proceed with counsel not of his preference. *See, e.g., Wheat v. United States,* 486 U.S. 153, 164

---

649 (2010) ("Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) (internal quotation marks omitted).

[6] During the hearing on Haynes' second PCRA Petition, the court stated that it was the policy of the Mercer County courts that "unless there is a conflict with the Public Defender, the Court will not appoint private counsel to represent an individual." Transcript of Proceedings, Jan. 4, 2019 (ECF No. 7-53 at 52). The court also stated that those defendants who have "personality conflicts" with their assigned counsel "cannot go ahead and pick and choose another Public Defender who might render the same advice, thereby requiring continuance after continuance." *Id.* at 53. It is this "policy" that Petitioner is challenging.

(1988); *Morris v. Slappy,* 461 U.S. 1, 12 (1983); *Fuller v. Diesslin,* 868 F.2d 604, 607 (3d Cir. 1989). And, as the Court of Appeals for the Third Circuit specifically has held, if the trial court has "<u>made the appropriate inquiries and has determined that a continuance for substitution of counsel is not warranted, the court can then properly insist that the defendant choose between representation by his existing counsel and proceeding pro se.</u>" *Fischetti v. Johnson*, 384 F.3d 140 (3d Cir. 2004) (emphasis added) (quoting *United States v. Welty,* 674 F.2d 185, 188 (3d Cir. 1982)).

In this case, on the morning of the first day of trial, prior to jury selection, the Commonwealth sought leave to add three robbery counts to the Information. The motion was granted without objection from Haynes' appointed counsel, Assistant Public Defender Autumn Johnson. Attorney Johnson testified at the second PCRA hearing that she did not object because the new charges added no new facts as Haynes' original charges included conspiracy involving these same three robberies. Transcript of Proceedings, Jan. 4, 2019 (ECF No. 7-53 at 51). Attorney Johnson testified that,

> the *pro se* discussion had been taking place from the beginning. Mr. Haynes and I had, you know - - I mean, he was always polite or respectful to me, but we had a difference on opinions for a long time. So I knew that we had some issues, but it was really that day that the judge - - - that it was granted that he really just decided to take the leap and ask to go on his own.

*Id*. at 51-52. Haynes sent Attorney Johnson back to chambers to inform the trial judge that he wanted a new attorney. *Id*. at 18-19. Counsel reported back to Haynes that she had told the trial judge of his request and the trial judge responded that the trial would not be continued and that Haynes would either be going to trial with Attorney Johnson or would be going to trial pro se.

Thereafter, the trial court conducted a lengthy waiver of counsel colloquy, wherein the court extensively explained to Haynes the risks inherent in proceeding to trial without counsel.

8

Transcript of Proceedings, April 20, 2015 (ECF No. 7-54). *Faretta v. California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (internal quotation marks and citation omitted)). The transcript reflects that after Haynes clearly and unequivocally asserted his right to self-representation, the trial court asked,

> And you understand that this may be the biggest mistake you make in your life? Most people who represent themselves, they end up getting burned.
>
> THE DEFENDANT: The biggest mistake I made in my life was riding through Grove City. It already been made. There can't be any bigger mistake than that.

Transcript of Proceedings, April 20, 2015 (ECF No. 7-54 at 18).

The Court finds that the record reflects that Haynes was adequately apprised of the consequences of self-representation, and affirmatively chose to represent himself. The policy of the Mercer County Public Defender's Office and the Courts of Mercer County is consistent with federal and state law holding that after a court determines that a continuance is not warranted, the court can then properly insist that the defendant choose between representation by his existing counsel and proceeding pro se. *Fischetti,* 384 F.3d at 140.

For these reasons, the Court finds that the petition fails to state a valid claim of the denial of a constitutional right.

## IV.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] may issue only if the petitioner shows that: (1) 'jurists of reason would find it debatable whether district court was correct in its procedural ruling;' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Pabon v. Superintendent, SCI-Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying those standards here, the Court will deny a certificate of appealability.

**V.     Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as time-barred and no equitable tolling applies to remedy the untimeliness. In the alternative, the petition for writ of habeas corpus will be dismissed as the petition fails to state a valid claim of the denial of a constitutional right. A certificate of appealability will be denied. A separate Order follows.

Dated: February 21, 2020                                    BY THE COURT:

                                                            s/ Cynthia Reed Eddy
                                                            Cynthia Reed Eddy
                                                            Chief United States Magistrate Judge

cc: John J. Bongivengo
(via ECF electronic notification)

Jacob C. Sander
Mercer County District Attorney's Office
(via ECF electronic notification)